## ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY *v.* CONARTY, ADMINISTRATRIX.

**ERROR TO THE SUPREME COURT OF THE STATE OF ARKANSAS.**

No. 166.   Submitted March 3, 1915.—Decided June 14, 1915.

Where a duty is imposed for the protection of persons in particular situations or relations, a breach of it which happens to result in injury to one in an altogether different situation or relation, is not, as to him, actionable.

The evils against which the coupler provisions of the Safety Appliance Act are directed are those which attended the old fashioned link and pin couplings where it was necessary for men to go between the ends of the cars to couple and uncouple them: it was not enacted to provide a place of safety between colliding cars.

An employé of a railroad company not endeavoring or intending to couple or uncouple a car or to handle it in any way but riding on an engine that collided with it, is not in a position where the absence of a coupler and drawbar prescribed by the Safety Appliance Act operates as a breach of duty imposed by that Act for his benefit.

106 Arkansas, 421, reversed.

THE facts, which involve the construction and application of the Safety Appliance Act in an action for injuries based upon the Employers' Liability Act, are stated in the opinion.

*Mr. W. F. Evans* and *Mr. Thomas P. Littlepage*, with whom *Mr. B. R. Davidson* was on the brief, for plaintiff in error:

The cause should have been removed to the Federal court. *Gains* v. *Fuentes*, 92 U. S. 10, 17; *Gavin* v. *Vance*, 33 Fed. Rep. 84, 85; *In re Woodbury*, 98 Fed. Rep. 833, 837; *Harrison* v. *St. L. & S. F. R. R.*, 232 U. S. 318; *Martin* v. *Hunter*, 1 Wheat. 304, 327; *Reagan* v. *Farmers L. & T. Co.*, 154 U. S. 362, 391; *Robertson* v. *Baldwin*, 165 U. S.

275, 279; *Sharon* v. *Terry*, 33 Fed. Rep. 337, 355; *State* v. *Coosaw Mining Co.*, 45 Fed. Rep. 804, 810; *Van Brimmer* v. *Tex. & Pac. Ry.*, 190 Fed. Rep. 394, 399.

The coal car had been withdrawn from commerce. *C. & N. W. R. R.* v. *United States*, 168 Fed. Rep. 236; *Delk* v. *St. L., I. M. & S. Ry.*, 220 U. S. 580, 585; *Erie R. R.* v. *United States*, 197 Fed. Rep. 287; *Ill. Cent. R. R.* v. *Behrens*, 233 U. S. 473; *Nor. Car. R. R.* v. *Zachary*, 232 U. S. 248; *Siegel* v. *N. Y. C. & H. R. R.*, 178 Fed. Rep. 873; *Southern Ry.* v. *Snyder*, 187 Fed. Rep. 492, 497; *Taylor* v. *Bos. & Me. R. R.*, 188 Massachusetts, 390; *United States* v. *Erie Ry.*, 212 Fed. Rep. 853, 855; *United States* v. *Louis. & Nash. R..R.*, 156 Fed. Rep. 195; *United States* v. *Rio Grande & W. Ry.*, 174 Fed. Rep. 399.

The absence of the coupler was not the proximate cause of injury. *A., T. & S. F. Ry.* v. *Calhoun*, 213 U. S. 1; Beach on Con. Neg. (2d ed.), § 31; Broom's Legal Maxims, § 215; *C., B. & Q. Ry.* v. *Richardson*, 202 Fed. Rep. 836; Cooley on Torts, pp. 68–71; *Cole* v. *G. S. & L. Soc.*, 124 Fed. Rep. 113; 3 Elliott on Railroads (Original ed.), § 1310; *Gill* v. *Railway Co.*, 160 Fed. Rep. 260; *Gilbert* v. *Railway Co.*, 128 Fed. Rep. 529; *Henry* v. *St. L., K. C. & N. Ry.*, 76 Missouri, 288, 293–4; *Logan* v. *Railway Co.*, 129 S. W. Rep. 575; *Lyddy* v. *Louis. & Nash. R. R.*, 197 Fed. Rep. 524; *Midland Valley Ry.* v. *Fulgham*, 181 Fed. Rep. 91; *Pennell* v. *Penna. R. R.*, 231 U. S. 675, 679; Ray's Negligence of Imposed Duties (Personal), 133; Shearman & Redfield on Negligence (5th ed.), §§ 25 and fol.; *St. L., I. M. & S. Ry.* v. *McWhirter*, 229 U. S. 265, 280, 282; 1 Thompson's Comm. on Neg. (2d ed.), § 45; Webb's Pollock on Torts (Enlarged Am. ed.), 29; Watson on Damages for Pers. Inj., §§ 33–35; 1 White on Pers. Inj., §§ 20–39.

Deceased's negligence was cause of his death—assumption of risk. *Butler* v. *Frazee*, 211 U. S. 459, 465; *Gibson* v. *Ches. & Ohio R. R.*, 215 Fed. Rep. 27; *Ches. & Ohio R. R.*

v. *Hennessey*, 96 Fed. Rep. 713; *C., R. I. & P. Ry.* v. *Shipp*, 174 Fed. Rep. 353; *C., R. I. & P. Ry.* v. *Jackson*, 178 Fed. Rep. 832; *Erie Ry.* v. *Kane*, 118 Fed. Rep. 223; *Int. & Gr. N. Ry.* v. *Story*, 62 S. W. Rep. 130; *Ill. Cent. R. R.* v. *Behrens*, 233 U. S. 473; *Ill. Cent. R. R.* v. *Hart*, 176 Fed. Rep. 245–247; *Jackson* v. *Mo. Pac. Ry.*, 104 Missouri, 448; *Riley* v. *Louis. & Nash. R. R.*, 133 Fed. Rep. 904; *Schweig* v. *C., M. & St. P. Ry.*, 216 Fed. Rep. 750; *Seaboard Air Line* v. *Horton*, 233 U. S. 492; *Southern Ry.* v. *Crockett*, 234 U. S. 725; *St. L. & S. F. R. R.* v. *Dewees*, 153 Fed. Rep. 56; *Suttle* v. *C. O. & G. Ry.*, 144 Fed. Rep. 668; *Tex. & Pac. Ry.* v. *Bousman*, 212 U. S. 536, 541.

The members of both crews were fellow servants. *Allen* v. *N. Y., N. H. & H. R. R.*, 174 Fed. Rep. 779; *Beutler* v. *Grand Trunk Ry.*, 224 U. S. 85; *Ill. Cent. R. R.* v. *Behrens*, 233 U. S. 473.

With a safe and dangerous course open to him, deceased selected the dangerous one. *Hirsch* v. *F. B. Bread Co.*, 150 Mo. App. 162, 174; *Moore* v. *Railway Co.*, 146 Missouri, 572, 582; *Smith* v. *F. N. Box Co.*, 193 Missouri, 716.

Plaintiff, as the wife of deceased, was an incompetent witness. *Cash* v. *Kirkham*, 67 Arkansas, 318; *De Beaumont* v. *Webster*, 71 Fed. Rep. 226; *De Roux* v. *Girard*, 112 Fed. Rep. 89; *Jarvis* v. *Andrews*, 80 Arkansas, 277; *Luken* v. *L. & M. S. Ry.*, 248 Illinois, 377; *Morris* v. *Norton*, 75 Fed. Rep. 912; *Mut. Life Ins. Co.* v. *Watson*, 30 Fed. Rep. 653; *Nunely* v. *Becker*, 52 Arkansas, 520; *Page* v. *Burnstine*, 102 U. S. 664; *Park* v. *Lock*, 48 Arkansas, 133; *Rainwater* v. *Harris*, 51 Arkansas, 401; *Rush* v. *Prescott & N. W. Ry.*, 83 Arkansas, 210; *Williams* v. *Waldon*, 82 Arkansas, 138; *Wilson* v. *Edwards*, 79 Arkansas, 69; *Whitney* v. *Fox*, 166 U. S. 664.

The testimony of witnesses Daniel and Woolum was also incompetent. *Gutridge* v. *Mo. Pac. Ry.*, 94 Missouri, 468, 472–3.

Defendant's motion to require plaintiff to elect on which cause of action she would prosecute should have been sustained. Thornton, Fed. Empl. Acts (2d ed.), § 104; *Andrews* v. *Hartford &c. Ry.*, 34 Connecticut, 57; *American R. R.* v. *Berch*, 224 U. S. 547; *Casey* v. *Transit Co.*, 205 Missouri, 721; Cooley on Torts (2d ed.), 309; *Daubert* v. *Western Meat Co.*, 139 California, 480; *Edwards* v. *Gimbel*, 202 Pa. St. 30; 3 Elliott on Railroads, § 1375; *Fulgham* v. *Midland Valley Ry.*, 167 Fed. Rep. 660; *Fithian* v. *Railway Co.*, 188 Fed. Rep. 842; *Gulf, C. & S. Ry.* v. *McGinnis*, 228 U. S. 173; *Garrett* v. *Railway Co.*, 197 Fed. Rep. 715; *Hendrix* v. *Am. Exp. Co.*, 138 Kentucky, 704, 709; *Hartigan* v. *So. Pac. Ry.*, 86 California, 142; *Littlewood* v. *Mayor of New York*, 89 N. Y. 24; *Legg* v. *Britton*, 64 Vermont, 652; *Mich. Cent. R. R.* v. *Vreeland*, 227 U. S. 59; *Munro* v. *Dredging Co.*, 84 California, 515; *McCafferty* v. *Penna. Ry.*, 193 Pa. St. 339; *St. L., I. M. & So. Ry.* v. *Hesterley*, 228 U. S. 702; *Strode* v. *St. L. Transit Co.*, 197 Missouri, 616; Shearman & Redfield on Neg. (5th ed.), § 140; *Walsh* v. *Railway Co.*, 173 Fed. Rep. 494.

*Mr. Samuel R. Chew* for defendant in error:

Intestate was engaged in an act of interstate commerce. *North Carolina R. R. Co.* v. *Zachary*, 232 U. S. 383; *Pedersen* v. *Del., Lack. & W. R. R.*, 229 U. S. 149; *St. L., S. F. & T. Ry.* v. *Seale*, 229 U. S. 157; *Chicago Jct. Ry.* v. *King*, 169 Fed. Rep. 372.

The defective coal car was engaged at the time of the injury in interstate commerce. *Chicago, M. & St. P. Ry.* v. *Voelker*, 129 Fed. Rep. 522; *Southern Ry.* v. *United States*, 222 U. S. 100; *Delk* v. *St. L. & S. F. R. R.*, 220 U. S. 580; *Erie R. R.* v. *Russell*, 106 C. C. A. 160; *Johnson* v. *So. Pac. Co.*, 196 U. S. 1.

The coal car in question did not comply with the provisions of the Act of 1893 or of 1910.

As to the Act of 1910 see Sen. Rep. No. 250, 61st Cong.

2d sess., p. 3; *St. L., I. M. & So. Ry.* v. *Taylor,* 210 U. S. 281.

The intestate was not guilty of contributory negligence and did not assume risk of employment. See Employers' Liability Act of 1908, 35 Stat. 65.

Action for loss of service and pain and suffering of intestate survived to his personal representative under the amendment of 1910, and see *Mich. Cent. Ry.* v. *Vreeland,* 227 U. S. 59; *St. L. & S. F. R. R.* v. *Conarty,* 106 Arkansas, 421.

The defective condition of the coal car was proximate and primal cause of intestate's death, and the evidence of defendant in error was competent. *St. L. & S. F. R. R.* v. *Fithian,* 106 Arkansas, 491; *Giles* v. *Wright,* 26 Arkansas, 476; *United States* v. *Clark,* 96 U. S. 37; 1 Greenleaf, §§ 348–350.

The evidence of Woolum and Daniels was also competent. 1 Greenleaf, 14th ed., § 440; *Eastern Transp. Line* v. *Hope,* 95 U. S. 297; *West. Coal Co.* v. *Berberich,* 36 C. C. A. 368; *Washington* v. *Baillie,* 92 U. S. 331; *Union Ins. Co.* v. *Smith,* 124 U. S. 405; *Tex. & Pac. Ry.* v. *Watson,* 190 U. S. 23.

The trial court had jurisdiction. 36 Stat. 1094; *Mondou* v. *N. Y., N. H. & H. Ry.,* 223 U. S. 1; *Southern Ry.* v. *Smith,* 205 Fed. Rep. 360; *Yazoo & M. V. R. R.* v. *Wright,* 207 Fed. Rep. 281.

The instructions of the trial court as given were correct. *Mich. Cent. Ry.* v. *Vreeland,* 227 U. S. 59.

The writ of error was improperly granted, no Federal question was raised that has not been adjudicated. *Mich. Cent. Ry.* v. *Vreeland,* 227 U. S. 59; *Delk* v. *St. L. & S. F. R. R.,* 220 U. S. 580; *Johnson* v. *So. Pac. Co.,* 196 U. S. 1; *St. L., I. M. & So. Ry.* v. *Taylor,* 210 U. S. 281.

*Mr. Edward J. White* and *Mr. E. B. Kinsworthy* filed a brief as *amicus curiæ.*

Mr.. Justice Van Devanter delivered the opinion of the court.

This was an action for personal injuries ultimately resulting in death, the right of recovery being based upon the Employers' Liability Act, April 22, 1908, c. 149, 35 Stat. 65; as amended April 5, 1910, c. 143, 36 Stat. 291, in connection with the Safety Appliance Acts, March 2, 1893, c. 196, 27 Stat. 531; April 1, 1895, c. 87, 29 Stat. 85; March 2, 1903, c. 697, 32 Stat. 943; April 14, 1910, c. 160, 36 Stat. 298. The injuries were received in a collision between a switch engine and a loaded freight car having no coupler or drawbar at one end, these having been pulled out while the car was in transit. The car was about to be placed on an isolated track for repair and was left near the switch leading to that track while other cars were being moved out of the way—a task taking about five minutes. At that time a switch engine with which the deceased was working came along the track on which the car was standing and the collision ensued. It was dark and an electric headlight on another engine operated to obscure the car until the switch engine was within 40 or 50 feet of it. The deceased and two companions were standing on the footboard at the front of the switch engine and when the car was observed his companions stepped to the ground on either side of the track, while he remained on the foot-board and was caught between the engine and the body of the car at the end from which the coupler and drawbar were missing. Had these appliances been in place they, in one view of the evidence, would have kept the engine and the body of the car sufficiently apart to have prevented the injury, but in their absence the engine came in immediate contact with the sill of the car with the result stated. The deceased and his companions, with the switch engine, were on their way to do some switching at a point some distance beyond the car and were not

intending, and did not attempt, to couple it to the engine or to handle it in any way.  Its movement was in the hands of others.  The car was loaded with freight moving from one State to another, the railroad company was engaged in interstate. commerce and the deceased was employed therein at the time.  He died from his injuries six days later leaving a widow and three minor children. The only negligence charged in the complaint was a failure to have the car equipped, at the end struck by the engine, with an automatic coupler and a drawbar of standard height as required by the Safety Appliance Acts, and there was no attempt to prove any other negligence. The plaintiff had a verdict and judgment for $10,000, and the Supreme Court of the State affirmed the judgment.  106 Arkansas, 421.

The principal question in the case is whether at the time he was injured the deceased was within the class of persons for whose benefit the Safety Appliance Acts required that the car be equipped with automatic couplers and drawbars of standard height; or, putting it in another way, whether his injury was within the evil against which the provisions for such appliances are directed.  It is not claimed, nor could it be under the evidence, that the collision was proximately attributable to a violation of those provisions, but only that had they been complied with it would not have resulted in injury to the deceased. It therefore is necessary to consider with what purpose couplers and drawbars of the kind indicated are required, for where a duty is imposed for the protection of persons in particular situations or relations a breach of it which happens to result in injury to one in an altogether different situation or relation is not as to him actionable.  *The Eugene F. Moran*, 212 U. S. 466, 476; *Gorris* v. *Scott*, L. R. 9 Ex. 125; *Ward* v. *Hobbs*, L. R. 4 App. Cas. 13, 23; *Williams* v. *Chicago & Alton R. R.*, 135 Illinois, 491, 498; *O'Donnell* v. *Providence & Worcester R. R.*, 6 R. I. 211;

*Metallic Compression Co.* v. *Fitchburg R. R.*, 109 Massachusetts, 277, 280; *Favor* v. *Boston & Lowell R. R.*, 114 Massachusetts, 350; *East Tennessee R. R.* v. *Feathers*, 78 Tennessee, 103; Pollock on Torts, 8th ed. 28, 198.

The Safety Appliance Acts make it unlawful to use or haul upon a railroad which is a highway for interstate commerce any car that is not equipped with automatic couplers whereby the car can be coupled or uncoupled "without the necessity of men going between the ends of the cars," or that is not equipped with drawbars of standard height—the height of the drawbar having, as explained in *Southern Ry.* v. *Crockett*, 234 U. S. 725, 735, an important bearing on the safety of the processes of coupling and uncoupling and on the security of the coupling when made. It is very plain that the evils against which these provisions are directed are those which attended the old-fashioned link and pin couplings where it was necessary for men to go between the ends of the cars to couple and uncouple them, and where the cars when coupled into a train sometimes separated by reason of the insecurity of the coupling. In *Johnson* v. *Southern Pacific Co.*, 196 U. S. 1, 19, this court said of the provision for automatic couplers that "The risk in coupling and uncoupling was the evil sought to be remedied"; and in *Southern Ry.* v. *Crockett*, 234 U. S. 725, 737, it was said to be the plain purpose of the two provisions that "where one vehicle is used in connection with another, that portion of the equipment of each that has to do with the safety and security of the attachment between them shall conform to standard." Nothing in either provision gives any warrant for saying that they are intended to provide a place of safety between colliding cars. On the contrary, they affirmatively show that a principal purpose in their enactment was to obviate "the necessity for men going between the ends of the cars. 27 Stat. 531."

We are of opinion that the deceased, who was not

endeavoring to couple or uncouple the car or to handle it in any way but was riding on the colliding engine; was not in a situation where the absence of the prescribed coupler and drawbar operated as a breach of a duty imposed for his benefit, and that the Supreme Court of the State erred in concluding that the Safety Appliance Acts required it to hold otherwise.

*Judgment reversed.*