## LOUISVILLE & NASHVILLE RAILROAD COMPANY *et al. v.* LAYTON.

PER CURIAM. O. Y. Layton instituted an action for damages for personal injuries against several companies operating their railroad-yard under the name of the Atlanta Joint Terminals, by whom he was employed. The petition contained two counts, which were substantially the same except that the second was brought under the Federal employer's liability act, whereas the first was brought under the State law. It was alleged, that in the course of his duties the plaintiff went upon "a cut of cars" in the yard of the defendants, to release the brakes of the cars, so that a certain switch-engine might couple thereto and remove them to another track. When all but one had been released, the engine approached and struck the cars a violent, unusual, and unnecessary blow, and they failed to couple by impact, and ran down the track, striking against other cars standing thereon. The concussion upon

striking against the other cars caused the plaintiff to be thrown from the car on which he was working, and seriously injured. Other allegations were, that the defendants were negligent, (a) in not having the cars and engine equipped with automatic couplers which would couple with each other by impact; (b) in allowing the engine to strike the cars a violent, unusual, and unnecessary blow when it attempted to couple them; (c) in not having the engine equipped with a power driving-wheel brake; and that each and all of the above-mentioned acts of negligence contributed to and caused the injuries. On the trial a verdict was rendered for the plaintiff on the first count. The exception is to the judgment overruling demurrers to the petition, and to the refusal to grant a new trial. *Held:*

1. The assignments of error on the judgment overruling the demurrers are not mentioned in the brief of cousel for the plaintiffs in error, and will be regarded as abandoned.

2. Evidence that plaintiff was injured in the switching yards of the defendants in the city of Atlanta by an engine and cars of the defendants, which he was engaged in operating for them, will support a verdict for the plaintiff, where otherwise authorized, under the first count, without evidence showing affirmatively that the parties were not engaged in interstate commerce at the time of the injury.

3. The safety-appliance act of March 2, 1893 (27 Stat. 531, c. 196), as amended by the act of March 3, 1903 (32 Stat. 943, c. 976), imposes a duty on every common carrier engaged in interstate commerce by railroad to equip its cars with brakes, etc., as therein provided; and this demand of the statute applies to the cars of such interstate carrier engaged in transporting intrastate freight. Southern Ry. Co. v. U. S. 222 U. S. 20 (32 Sup. Ct. 2, 56 L. ed. 72); So. Ry. Co. v. Indiana R. Com., 236 U. S. 439 (35 Sup. Ct. 304, 59 L. ed. 661).

4. The design of the statute is for the protection of employees of an interstate carrier engaged in the operation of its cars, whether such cars are transporting intrastate or interstate freight. A brakeman whose duty it is to assist in the coupling of cars comes within its protection; and if such brakeman is injured in the discharge of his duties connected with making up trains, which is accomplished by the coupling or uncoupling of cars, and his injury is due to the fact that the cars were not equipped as required by the statute, in the absence of other facts discharging liability the plaintiff may recover for such injuries. This case differs in facts from St. Louis & San Francisco R. Co. v. Conarty, 238 U. S. 243 (35 Sup. Ct. 785, 59 L. ed. 1290).

5. The charges on assumption of risk and contributory negligence, to which exception is taken, did not prejudicially deny the defendants any right connected with the proper presentation of their defense to the plaintiff's action.

6. The evidence supports the verdict, and no reason appears for the grant of a new trial.

*Judgment affirmed. All the Justices concur, except Gilbert, J., not presiding.*

SEPTEMBER 23, 1916.

Action for damages. Before Judge Ellis. Fulton superior court. September 1, 1915.

*Tye, Peeples & Tye, Dorsey, Brewster, Howell & Heyman,* and *McDaniel & Black,* for plaintiffs in error. *Marion Smith,* contra.