## SOUTHWESTERN GAS & ELECTRIC CO. v. NICHOLS et al.   (No. 2791.)

(Court of Civil Appeals of Texas. Texarkana. July 9, 1923. Rehearing Denied Oct. 4, 1923.)

**1. Carriers ⬦321(8)—Instruction that street railroad was negligent because rails were higher than street held erroneous where issue was whether step was too high from ground.**

In an action against a street railroad for injuries to alighting passenger, in which it was claimed that the railroad was negligent in having step unnecessarily high from the ground, an instruction that it was negligence as a matter of law for the railway company to allow its rails to be higher than the level of the street, in violation of its franchise, was erroneous, since the question was whether the step was too high from the ground, and not whether the rails were too high.

**2. Street railroads ⬦24(3) — Conditions imposed construed with reference to dangers sought to be eliminated.**

Municipal restrictions and conditions imposed on railroad companies using streets must be construed with reference to the particular dangers or inconveniences which the regulations are designed to prevent or remove.

**3. Carriers ⬦320(28)—Whether certain distance between street car step and ground was unreasonable held for jury.**

In an action for injuries to alighting street car passenger, in which negligence was claimed in having a step unreasonably high from the ground, and in which there was no evidence of a municipal regulation fixing the distance of street car steps from pavement, the question of whether a step was at a reasonable distance from the ground was a jury question, unless distance was obviously unreasonable.

**4. Carriers ⬦320(25)—Submission of whether motorman's failure to assist passenger to alight was negligence held error.**

In an action against a street railroad for injuries to alighting passenger, in which the evidence showed that the passenger was a comparatively young woman, with nothing to indicate that she was not physically strong and able to take care of herself under ordinary circumstances, and that her mother, an older woman, had alighted alone in safety, and could have relieved the passenger of the baby in her arms if necessary, the submission to jury of whether the motorman's failure to assist the passenger in alighting with the baby in her arms was negligence *held* error.

Appeal from District Court, Bowie County; Hugh Carney, Judge.

Action by Mrs. Mary Jo. Nichols and husband against the Southwestern Gas & Electric Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Arnold & Arnold, of Texarkana, Ark., for appellant.

Abney & Taylor, of Marshall, and Keeney & Dalby, of Texarkana, Tex., for appellees.

HODGES, J. The appellant owns and operates a street car system in Texarkana. In August, 1922, Mrs. Mary Jo. Nichols was injured while alighting from one of appellant's cars. In her petition she alleges negligence on the part of the street railway company in having a step that was unreasonably high from the ground, and negligence on the part of the motorman in failing to assist her in alighting. She testified that on the day of the injury she and her four children, accompanied by her mother, Mrs. Britt, were passengers on one of appellant's cars, and desired to get off at the corner of Seventh and Whitaker streets. Upon a signal from them the car stopped at that place. Mrs Britt, with the three older children, got off first; Mrs. Nichols followed, carrying in her arms her baby, only a few weeks old. She thus describes how she was injured:

"I held my baby in my left arm, and I held on to the street car with the rod with my right hand, I think. I very carefully stepped down with my left foot, and was conscious I couldn't reach the ground, and had to turn loose and jump down on that foot; and I fell forward and sprained my ankle, and fell forward on my knees, and hands, and I didn't know much after that."

This suit was filed by Mrs. Nichols, joined by her husband, and the appeal is from a judgment in their favor for damages resulting from the injuries which she sustained by the fall.

In their petition the plaintiffs allege, in addition to other facts, that by the terms of the franchise under which the appellant operates its street car system it is required to keep its track on a level with the surface of the street, and that at the point where this injury occurred the track was higher than the street. The testimony upon that issue was conflicting. A number of witnesses for the plaintiff testified that the street car rails at that corner were above the level of the street. The estimates of the height above the street varied from four to eight inches. On the other hand, a number of witnesses for the appellant, some of whom were city officials, testified that the rails of the street car line at that point were lower than the street, and had been raised by order of the city council after the injury. Mrs. Nichols was the only witness who stated that the step was inconveniently or dangerously high. One witness for the defendant testified that he boarded the same street car just after Mrs. Nichols got off, and that the step was low; some lower than is usual. This witness also testified that Mrs. Nichols fell after she had taken one or more steps on the car.

[1-3] In submitting the issues of fact the court gave the jury the following charge:

"You are further instructed that, by the terms of the franchise of the defendant, granted to it

by the city of Texarkana, the defendant is required to lay and maintain its street car tracks on a level with the surface of the street, and that a failure on the part of the defendant so to do is 'negligence' per se. Now, if you believe from a preponderance of the evidence that the plaintiff, Mrs. Mary Jo. Nichols, on or about August 30, 1922, was a passenger on a street car of the defendant, and, while alighting from said street car at the corner of Seventh and Whitaker streets, Texarkana, Tex., fell and thereby sustained injuries to her ankle, knee, side, and back, and that, at said place where Mrs. Nichols alighted from said car, and at said time, the tracks of defendant's street car line were higher than the level of the street adjacent thereto, or that the motorman on said street car at said time failed to assist Mrs. Nichols to alight, and that the condition of the said tracks being higher than the level of the street, if the same were higher than the level of the street, or that the failure, if any, of the motorman to assist Mrs. Nichols to alight, was negligence, as that term has hereinbefore been defined to you, and you further believe that the negligence, if any, in either of above particulars, was the proximate cause, as the same has hereinbefore been defined to you, of the fall and injuries, if any, of Mrs. Nichols, then you will find for the plaintiff, unless you find for the defendant under other paragraphs of this charge."

The correctness of this charge is assailed in several respects, one of which is that the court erred in telling the jury that it was negligence as a matter of law for the street car company to allow its rails to be higher than the level of the street. The real question in this case which should have been submitted to the jury is: Was the step of the street car too high from the ground to allow passengers to alight with safety? According to Mrs. Nichols' testimony, she was injured, not because the rails were too high, but because the step was too high. That issue was not submitted in a form which enabled the jury to pass upon it without reference to the height of the rails above the street. It is immaterial how high the rails are above the level of the street if the step is not unreasonably high, or if, because of its height, proper facilities are furnished by the street car company to enable passengers to alight with safety. Municipal restrictions and conditions imposed upon railway companies when using the streets must be construed with reference to the particular dangers, or inconveniences, which the regulations are designed to prevent, or remove. Clearly the provision which required street car rails to be on a level with the street or pavement was not intended for the benefit of passengers using the cars, but for the convenience of people using the streets as highways for travel. Whether or not, in a given case, a failure to comply with that provision would be negligence per se on the part of the street car company must depend upon the particular situation of the complaining party with reference to that imposed duty. St. L. & S. F. Ry. Co. v. Conarty, 238 U. S. 243, 35 Sup. Ct. 785, 59 L. Ed. 1290. There is no municipal regulation fixing the distance which street car steps should be from the pavement, and the court cannot tell the jury, even indirectly, that any given distance not obviously unreasonable, is too great. If the jury had found upon the trial of this case that the track was one or two inches higher than the street, under this charge they were compelled to find against the appellant, even though the step might not have been, under the circumstances, unreasonably high. We think it was error to give that charge.

[4] Appellant also complains of the charge of the court in submitting the issue of negligence on the part of the motorman in failing to assist Mrs. Nichols in alighting. The objection is based upon the proposition that the evidence did not disclose a situation where such assistance was called for. The motorman testified that it was his duty to assist passengers on and off cars when they appeared to need assistance. He did not offer assistance in this instance because it did not appear to him that Mrs. Nichols needed any. The evidence shows that Mrs. Nichols was a comparatively young woman, and there is nothing to indicate that she was not physically strong and able to take care of herself under ordinary circumstances. Her mother, an older woman, had alighted alone in safety, and did not on the trial complain of any inconvenience on account of the distance she had to step. Mrs. Nichols did not ask for assistance from any one. It is true she was incumbered with her baby, but her mother was standing near, and also a man, who said he was willing to assist her if she needed it. The motorman therefore had a right to assume that Mrs. Nichols' mother would relieve her daughter of the baby if that was necessary. Under that phase of the court's charge the jury was authorized to find against the appellant, although the step was low and convenient and allowed passengers in normal condition to alight with safety. We are of the opinion that under the facts of this case that issue should not have been submitted to the jury.

The judgment will therefore be reversed, and the cause remanded for another trial.