## BALTIMORE & O. R. CO. v. TITTLE.

(Circuit Court of Appeals, Sixth Circuit. April 10, 1925.)

No. 4230.

1. **Master and servant** ⊚⟹111(1½)—Switchman, adjusting coupler, held within protection of Safety Appliance Act.

Switchman, who went between cars in use in interstate commerce, on failure of cars to couple by impact, to adjust coupler, and who was injured when knuckle with broken lip fell, was not engaged in repairing the coupler, and was within protection of Safety Appliance Act, § 2 (Comp. St. § 8606).

2. **Master and servant** ⊚⟹111(1½)—Employé adjusting coupler to effect coupling within Safety Appliance Act.

The protection afforded by Safety Appliance Act, § 2 (Comp. St. § 8606), providing for equipment of cars with automatic couplers, is not limited to employé injured by colliding cars while actually making coupling, but applies as well to employé injured while between cars for purpose of adjusting coupler in order to effect coupling.

**3. Master and servant** ⊜⇒285(7) — **Proximate cause of injury to switchman coupling cars held for jury.**

In action for injuries to switchman, sustained when knuckle of coupler fe'l on switchman after he had pulled out knuckle pin to loosen knuckle, on failure of cars to couple by impact, whether the defective knuckle, or switchman's negligence in removal of pin with knowledge of defect, was proximate cause of injury, *held* for jury.

**4. Trial** ⊜⇒256(10)—**Failure to charge that plaintiff could not recover if own act was sole and proximate cause of injury, whether negligent or not, without request for more specific charge, held not error.**

In action for injuries to switchman, sustained when knuckle of coupler fell on switchman after he had pulled out knuckle pin to loosen knuckle, on failure of cars to couple by impact, proximate cause *held* attributable to switchman, if at all, only on the ground that he removed pin with knowledge of defect, and, when such question was submitted in general charge, failure to charge, without request, that switchman could not recover if his own act was the sole and proximate cause of the injury, whether negligent or not, was not error.

In Error, to the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Action by Charles Tittle against the Baltimore & Ohio Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

W. T. Kinder, of Cleveland, Ohio (Tolles, Hogsett, Ginn & Morley and J. W. Reavis, all of Cleveland, Ohio, on the brief), for plaintiff in error.

Edward Davidson, of Cleveland, Ohio, for defendant in error.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

MOORMAN, Circuit Judge. The parties to this proceeding will be designated as in the District Court, where plaintiff recovered damages for personal injury sustained by him on October 6, 1923, while employed by defendant as a switchman. Errors assigned and argued are: First, the case was treated, in the charge to the jury, as within the provisions of the Safety Appliance Act (Comp. St. §§ 8605–8612); second, the jury should have been directed to return a verdict for defendant, because the evidence affirmatively showed that its negligence was not the proximate cause of the injury; third, the refusal to charge that plaintiff was not entitled to recover if his act, whether negligent or not,

was the sole and proximate cause of the injury.

Plaintiff was a member of a switching crew, whose immediate duty was to couple a switch engine to some cars standing on a side track in the yards of the defendant at Cleveland, and to detach six of them from the main cut and remove them to another point. The engine was coupled to the lead car, and plaintiff uncoupled the sixth car from the one next to it, but when the engine moved only two of the cars were carried with it. After two unsuccessful attempts to couple the second and third cars by impact, the plaintiff went to the point where those cars were to make the coupling, and while attempting to adjust the coupler on the third car the knuckle fell on his foot, causing the injury of which he complains.

The conditions under which the injury occurred, from plaintiff's standpoint, are disclosed by his testimony alone. It shows in substance that, after the two attempts had been made to couple the cars, the conductor ordered plaintiff to make the coupling. When he got to the third car, he observed that the knuckle was half open and the knuckle lock completely down in the coupler. He made an unsuccessful attempt to open the knuckle by lifting the lever at the end of the car, and then proceeded to the coupler for the purpose of adjusting the knuckle, so it would make the coupling, thinking that the coupler was jammed. He pulled out the knuckle pin to loosen the knuckle—"either kick it with my foot or shake it with my hand in order to get it out of jam," but upon taking out the pin the knuckle fell. The lip of the knuckle was broken, but for which it would not have fallen. The witness testified that, in examining the knuckle, he did not discover the break, which was not visible with the knuckle only half open.

The evidence for the defendant corroborated plaintiff as to an unbroken knuckle not falling upon the removal of the knuckle pin. It, however, tended to show that, with the knuckle half open the break was plainly to be seen; that if the knuckle was partially open, and the knuckle lock down, plaintiff should have known there was a break in the knuckle; and, further, it was apparent from the break that, if the knuckle pin was taken out, the lock would not hold, and the knuckle would fall. The conductor testified that he did not order plaintiff to make the coupling.

Section 2 of the Safety Appliance Act (Comp. St. § 8606) reads: "On and after the first day of January, eighteen hundred

and ninety-eight, it shall be unlawful for any such common carrier to haul or permit to be hauled or used on its line any car used in moving interstate traffic not equipped with couplers coupling automatically by impact, and which can be uncoupled without the necessity of men going between the ends of the cars." It is the contention of defendant that the sole purpose of this provision is to protect the employé from injury resulting from his presence between cars when brought in contact to effect a coupling, and that it was not intended to protect employés engaged in repairing defective couplers which, as it asserts, was what plaintiff was doing at the time of his injury.

[1] The second proposition is but one of many conceivable exclusions inherent in the first. It does not correctly define plaintiff's status. Passing the first for the moment, and looking to the second, it is to be observed that the defective car was not at rest for repairs, but was in use in interstate commerce. There was evidence showing that couplers not mechanically defective are sometimes jammed, and, in order to use them, it becomes necessary to loosen them. The plaintiff was not engaged in repairing the coupler, in the sense of remedying defective mechanism, or making alterations or changes in its parts, but, according to his evidence, was attempting to loosen it, so that he could perform his duty of coupling the cars. His status, therefore, was not that of one repairing cars, but of a switchman preparing to make a coupling.

[2] With regard to the initial contention, it may be noted that the case is different from Railroad v. Conarty, 238 U. S. 243, 35 S. Ct. 785, 59 L. Ed. 1290, relied on by defendant. There the injury resulted from collision, and the crew of which claimant was a member did not attempt or intend to couple the engine to the defective car. So it was held that the absence of the prescribed coupler and drawbar did not operate as a breach of duty imposed for his benefit. Lang v. New York Central Railway Co., 255 U. S. 455, 41 S. Ct. 381, 65 L. Ed. 729, involved a similar state of facts, with a like ruling as to the operable scope of the act. In neither case was the handling of the colliding cars directed to a movement of the defective car. It is true that in both opinions it is stated the law was enacted to obviate the necessity of switchmen going between the ends of cars to effect couplings. But manifestly the protection is not limited to the employé injured by colliding cars while actually making a coupling. Chicago Great Western Railroad Co. v. Schendel, 45 S. Ct. 303, 69 L. Ed. ——. Here the plaintiff went between the cars to adjust a coupler, for the purpose of effecting a coupling. What he was doing was not separable from his duty to make the coupling. He was clearly within the purview of the act.

[3] The falling of the knuckle could not have been anticipated as the natural or probable result of removing the pin, unless plaintiff had actual or constructive knowledge of the defect. The evidence presented an issue as to whether he had such knowledge. Hence the question of proximate cause—whether the removal of the pin by plaintiff, if in the circumstances negligent, or the broken and defective knuckle—was submitted to the jury. In Lang v. Railway Co., supra, cited by defendant, the injury resulted from a collision caused by an intervening and separate act of negligence; it was held that the defective coupler was not the cause, but a condition, of the injury, or, putting it differently, was only the occasion of the injured person's being where the collision occurred. But for the different character of the intervening acts of negligence, Lanz v. Penn. R. Co. (C. C. A.) 281 F. 796, McCalmont v. Penn. Co. (D. C.) 273 F. 231, and Id. (C. C. A. 6) 283 F. 736, and Davis, Agent, v. Hand (C. C. A.) 290 F. 73, are to the same effect. The proximate cause of the injury in this case was either the defect in the knuckle or, if plaintiff had knowledge of it, his own negligence in removing the pin. Both theories had supporting evidence, and it was the province of the jury to determine which was correct.

[4] Complaint is made of the charge because its only alternative with respect to the defective coupler was to exonerate the defendant if the jury found that the plaintiff's own negligence caused the injury. It is insisted that the jury should have been instructed that the plaintiff could not recover if his own act was the sole and proximate cause of the injury—whether negligent or not. The insistence would be correct, if warranted by the evidence; but, as we have indicated, the proximate cause of the injury could be attributed to plaintiff, if at all, only on the ground that he removed the pin with knowledge of the defect. Without request for more specific instructions, the latter question and its determinative effect were submitted to the jury in the general charge as to plaintiff's duty and the effect of his negligence, if found to exist. In this general way the charge covered the only theory of proximate cause that could be regarded as

chargeable to the plaintiff under the evidence. Accordingly the failure to include in the charge any act of plaintiff as the sole and proximate cause—whether negligent or not—if error, which we doubt, was not prejudicial.

The judgment is affirmed.