**NOFTZ v. BALTIMORE & O. RY. CO.**

(Circuit Court of Appeals, Sixth Circuit. June 30, 1926.)

No. 4584.

**1. Master and servant ⬿111(1).**

Gen. Code Ohio, § 9017, is not violated by employing repairman to repair defective railroad cars, and does not apply to injuries to him from defects therein.

**2. Master and servant ⬿107(8).**

Gen. Code Ohio, § 6243, creating liability for injuries from unsafe equipment, applies to permanent fixtures, and not to specific thing on which workmen are temporarily engaged in making repairs.

**3. Master and servant ⬿124(5).**

Recovery could not be had by repairman, repairing car, where defect was so hidden that it could not have been discovered by reasonable care, even if facts brought case within Gen. Code Ohio, § 9017, or section 6243.

In Error to the District Court of the United States for the Western Division of the Northern District of Ohio; John M. Killits, Judge.

Action by August H. Noftz against the Baltimore & Ohio Railroad Company. Verdict for defendant, and plaintiff brings error. Affirmed.

On the 28th day of May, 1923, the plaintiff in error, August H. Noftz, an experienced car repairman, was in the employ of the Baltimore & Ohio Railroad Company, and was engaged with fellow workmen in repairing a defective box car, that three or four weeks prior thereto had been sent for repairs by the railway company to its yards at Sandusky, Ohio. Noftz had been working with another man, who quit work that morning, and for that reason he was directed by his foreman, Hankee, to assist Shibe and Lipp, two other repairmen, in the repair of this box car. These repairs included the substitution of a new side sill 36 feet in length, 8 inches in width, and 10 inches in depth. In removing the old sill, it was necessary to take off a part of the siding of the car, and a part of the flooring, and to unloosen from the old sill the lower ends of the upright posts, which were fastened to it by means of iron bolts. The new sill was then raised by jacks placed at either end, but when raised about 4 feet it came in contact with the lower end of one of these upright posts, and Shibe, who was working one of these jack levers, told Noftz to pull on the lower end of this post, so as to spring it out far enough to permit raising the sill to its proper position. While plaintiff was pulling on this post, a part of it split off, and he fell backward, over a casting lying near the car, onto a rail in the adjoining track, and received the injuries for which he asks damages. The piece that split off the upright post was about 2 feet in length. It split on a slant, where apparently there was an old crack in the timber. The railroad company, for answer to plaintiff's petition,

denied that it was negligent in any respect, and further pleaded contributory negligence and assumption of risk.

Plaintiff based his right to recover upon section 9017, General Code of Ohio, which provides that every railroad company operating a railroad in whole or in part within Ohio shall be liable for all damages sustained by any of its employees, caused by defect in any locomotive, engine, car, etc., required by such company to be used by its employees in and about the business of their employment, if such defect could have been discovered by reasonable and proper care, test or inspection, and also upon section 6243, General Code, which provides that an employer shall be liable for any injuries sustained by his employees by reason of any defect or unsafe condition in any ways, works, boats, wharves, plant, machinery, appliance, or tools, except simple tools, in any way connected with or used in the business of the employer. At the close of all the evidence the court directed a verdict for defendant, for the reason that the defect was of such a character and in such a part of the post covered by the siding that it could not have been discovered by reasonable and proper care, tests or inspection.

Don J. Young, of Norwalk, Ohio (Young & Young, of Norwalk, Ohio, on the brief), for plaintiff in error.

Alfred A. Frazier, of Zanesville, Ohio (Frazier & Frazier, of Zanesville, Ohio, and King, Ramsey, Flynn & Pyle, of Sandusky, Ohio, on the brief), for defendant in error.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

DONAHUE, Circuit Judge (after stating the facts as above). [1] Section 9017 of the General Code of Ohio has no application to the facts of this case. This plaintiff and his fellow workmen were employed by the defendant for the sole purpose of repairing defective cars. If a railroad company is required to furnish repairmen cars that are not defective, upon which to perform the duties of their employment, then defective cars can never be repaired. The statute requires a railroad company to keep its cars and other implements, machinery, and appliances free from defects and safe for use in the operation of its road. The employment of repairmen on defective cars for the purpose of repairing defects is not in violation but in strict compliance with the provisions of this statute. B. & O. R. R. Co. v. Hooven (C. C. A.) 297 F. 919–922.

[2] Section 6243 of the General Code of Ohio applies to defects and unsafe conditions in permanent fixtures, ways, machinery, appliances, or tools, where and with which employés are required to work, and not to the specific thing upon which workmen are temporarily engaged in making repairs. This section does not specifically include cars, but, even if "cars" were to be read into the statute by intendment, it could not, for the reason heretofore stated, apply to cars defective in the parts upon which workmen are engaged in making repairs. Such a construction would lead to the ridiculous conclusion that it was the intent and purpose of the General Assembly of Ohio to require a railroad company to repair defective cars, and by the same statute prevent it from/employing any one to make repairs on cars that are defective.

[3] It further appears that the defect in this timber was of such a character and so hidden from view before the removal of the siding, incident to making these repairs, that it could not have been discovered by reasonable and proper care, tests, or inspection. For this reason, the court did not err in directing a verdict for defendant, even if the facts of this case were such as to bring it within the provisions of either section 9017 or section 6243 of the General Code of Ohio.

Affirmed.