### SHERRY v. BALTIMORE & O. R. CO.

Circuit Court of Appeals, Sixth Circuit.
February 7, 1929.

No. 5088.

John Ruffalo, of Youngstown, Ohio (Ruffalo & Wall, of Youngstown, Ohio, on the brief), for plaintiff in error.

Union C. De Ford, of Youngstown, Ohio (Harrington, De Ford, Huxley & Smith, of Youngstown, Ohio, on the brief), for defendant in error.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge. Action under the Federal Safety Appliance Act (45 USCA §§ 1–46). Plaintiff was a car inspector employed by defendant in and about the railway yard of defendant in the city of Youngstown. It was his duty to inspect "bad order" cars, to make such repairs as could be made on the ground, or to order a car to the repair shops for that purpose.

The car in question had been placed upon one of the ladder tracks in the general yard, cut from the train, and reported to plaintiff as having a defective brake. In his capacity as inspector and repairman, plaintiff went to the car, found that it had a badly bent brake staff, and, in order to determine whether the brake was operative notwithstanding this de-

fect, mounted to the top of the car and attempted to apply the brake. Thereupon the brake staff broke, throwing him from the car and causing the injuries complained of. Upon trial a verdict was directed for the defendant, on the ground that the plaintiff (as an inspector and repairman) did not come within the provisions and the benefits of the Safety Appliance Act, and that the car was not in use or being hauled, so as to make such act applicable.

The Safety Appliance Act has been the subject of judicial consideration and construction so frequently during recent years that it is not deemed necessary to now exhaustively reconsider the established precedents. Some of those most pertinent to the present issue are stated in the note.[1]

The general rules deducible from these decisions may be briefly stated. The remedy is statutory, and liability, where the statute attaches, is absolute and independent of negligence. There must, of course, be a breach of one of the express provisions of the act, and causal connection between this failure of defendant to comply with the requirements of the act and the injury to the plaintiff. Where the failure to comply with the requirements of the act is not a proximate cause of injury, but only a remote cause, or one creating an "incidental condition or situation in which the accident, otherwise caused, results in such injury," the employee cannot claim the protection of the act.

Thus the initial question for determination in every such case is whether it falls within the purview of the statute. Section 2 of the Act of April 14, 1910, c. 160, 36 St. 298, 45 U. S. C. § 11 (45 USCA § 11), provided that all cars must be equipped with "efficient hand brakes." Where any car shall have been so properly equipped, but such equipment shall have become defective while such car was being used by the carrier upon its line of railroad, section 4 of the act (45 U. S. C. § 13 [45 USCA § 13]) permits such

[1] Minneapolis, etc., Ry. Co. v. Goneau, 269 U. S. 406, 46 S. Ct. 129, 70 L. Ed. 335; Chicago G. W. R. R. Co. v. Schendel, 267 U. S. 287, 45 S. Ct. 303, 69 L. Ed. 614; Davis v. Wolfe, 263 U. S. 239, 44 S. Ct. 64, 68 L. Ed. 284; Lang v. N. Y. Cent. R. R. Co., 255 U. S. 455, 41 S. Ct. 381, 65 L. Ed. 729; Great Northern Ry. v. Wiles, 240 U. S. 444, 36 S. Ct. 406, 60 L. Ed. 732; Great Northern Ry. v. Otos, 239 U. S. 349, 36 S. Ct. 124, 60 L. Ed. 322; St. L. & S. F. R. R. Co. v. Conarty, 238 U. S. 243, 35 S. Ct. 785, 59 L. Ed. 1290; Chicago Junction Ry. Co. v. King, 169 F. 372 (C. C. A. 7); McCalmont v. Pennsylvania R. Co., 283 F. 736 (C. C. A. 6); B. & O. R. Co. v. Hooven, 297 F. 919 (C. C. A. 6); B. & O. R. Co. v. Tittle, 4 F.(2d) 818 (C. C. A. 6).

car to be hauled to the nearest available point where repairs may be made without incurring the statutory penalties; but it is further provided that such movement or hauling shall be at the sole risk of the carrier, and that nothing in said section shall be construed to relieve such carrier from liability in any remedial action for death or injury of any railroad employee caused to such employee by reason of or in connection with the movement or hauling of such car with defective equipment. The absolute liability above referred to is implied from these statutory provisions, and it is to be noted that the inhibited act on the part of the railroad company in each is "the hauling or permitting to be hauled or used" on its line any car with the required equipment in defective condition. This constitutes the "violation of the act" we have above referred to in statement of the general principles deduced from precedent. It has accordingly been held by this court that the act has no application to equipment withdrawn from service and undergoing minor repairs preparatory to early return to service. B. & O. R. Co. v. Hooven (C. C. A.) 297 F. 919. Cf. McCalmont v. Pennsylvania R. Co. (C. C. A.) 283 F. 736.

In the instant case the defective car was not being hauled or used by the defendant, except in that it was stored temporarily upon one of the ladder tracks. It had been withdrawn from use for the very purpose of undergoing repair. No movement was immediately contemplated, and no action of setting the brakes was necessary, save as incident to inspection and repair. In Chicago G. W. R. R. Co. v. Schendel, cited supra in the note, the car was being placed upon a siding for the purpose of withdrawing it from use, but the Supreme Court specifically states that the use, movement, or hauling of the defective car, within the meaning of the statute, had not ended at the time of the accident. In Texas & Pacific Ry. v. Rigsby, 241 U. S. 33, 42, 36 S. Ct. 482, 60 L. Ed. 874, the Supreme Court also refers to the question of use, and, as pointed out in the McCalmont Case (page 739), this decision must be interpreted as based upon the theory that the taking of "bad order" cars to the shops for repair is a "part of the unitary journey of the car from the point of first discovery to the precise point of actual repair," and therefore within the provision for continuance of civil liability under 45 U. S. C. § 13 (45 USCA § 13). In none of the cases cited was liability held to attach after withdrawal from service had been completed and during the course of repair.

This doctrine accords with the reason for nonapplication of the defense of assumption of risk. Section 8 of the Act of March 2, 1893, c. 196, 27 Stat. 532, 45 U. S. C. § 7, provides that "any employee of any common carrier engaged in interstate commerce by railroad who may be injured by any locomotive, car, or train in use contrary to the provision of this chapter shall not be deemed thereby to have assumed the risk thereby occasioned. * * *" It will therefore be noted that not only is absolute liability independent of negligence conditioned upon use of defective equipment by the defendant, but that the abolition of the defense of assumption of risk is similarly effective only when the defective equipment is *in use* contrary to the provisions of statute. If the car be not in use within the purview of the act, such assumption of risk would not be abolished, and would constitute a complete defense in an action by the repairman.

We therefore consider it unnecessary to decide whether the plaintiff is barred from recovery by reason of the fact that his sole duty was to inspect and repair defective cars; that is, whether he was for this reason not within the class to whom the duty of the carrier was owing. See Kansas City, M. & O. Ry. Co. v. Wood (Tex. Civ. App.) 262 S. W. 520; St. Louis S. W. Ry. Co. v. Johns (Tex. Civ. App.) 286 S. W. 281 (Tex.). Cf. Noftz v. B. & O. R. Co., 13 F.(2d) 389 (C. C. A. 6). The defectively equipped car not having been in use within the meaning of the Safety Appliance Act, at the time of injury to the plaintiff, the verdict was properly directed for the defendant, and the judgment rendered thereon is affirmed.