ROBERTSON *v.* YAZOO & M. V. R. Co. *et al.*

(Division A.   May 13, 1929.)

[122 So. 371.   No. 27615.]

*Henry, Canizaro & Henry, Thames & Thames* and *Brunini & Hirsh,* all of Vicksburg, for appellant.

*Hirsh, Dent & Landau,* of Vicksburg, for appellees; *H. D. Minor* and *C. N. Burch,* of Memphis, Tenn., of counsel.

184

Smith, C. J., delivered the opinion of the court.

The appellant lost the sight of one eye, and, claiming that it was caused by an injury inflicted on him by the negligence of the appellees, sued them for damages therefor. He recovered a judgment for one dollar, and has appealed therefrom. The appellees have also filed a cross-appeal.

The evidence here pertinent is in substance as follows: The Yazoo & Mississippi Valley Railroad Company owns

and operates a railroad which runs through the city of Vicksburg; the Mississippi Power & Light Company owns and operates a street railway in the city of Vicksburg, and which extends about two miles beyond the city limits parallel with and close to the Yazoo & Mississippi Valley Railroad Company's railroad. The appellant was a motorman employed by the Mississippi Power & Light Company, and on the 2d day of February, 1924, was operating one of that company's cars. At a point outside of the city limits his car passed a train of the railroad company, the engine of which was emitting a large quantity of sparks and cinders varying in size from the large end to the small end of a sharpened lead pencil. The platform on which it was necessary for the appellant to stand in order to operate the car was not inclosed, and one of the cinders "about as big as the little end, or the sharp end, of a lead pencil," entered the appellant's eye, because of which he claims to have afterwards lost the sight thereof. According to the railroad company's evidence, its engine was equipped with a proper spark arrester, but we will assume that, if here material, that fact was on the whole evidence a question for the jury.

The appellees' complaint on the cross-appeal is that the court below erred in not granting their request for a directed verdict.

Whether the railroad company's spark arrester was of the approved pattern is of no consequence, for, according to the evidence and common knowledge, no spark arrester that would permit the unobstructed escape of smoke from the company's engines would keep back a cinder of the size that entered the appellant's eye, from which it necessarily follows that the appellant's injury cannot be charged to any negligence on the part of the railroad company.

Section 1, chapter 148, Laws of 1912 (section 9184, Hemingway's 1927 Code), provides that:

"Street car companies operating street cars by electricity, or by any other motive power requiring operator to be on the front of the car, and outside the main body thereof, in municipalities having a population of not less than five thousand by the Federal census of 1910, or by any subsequent Federal census, shall equip all cars with complete vestibules and provide some means of heating same, so as to thoroughly protect employees from cold and inclement weather.

"Provided, That this act shall not apply to cars operated from the 15th of March to the 1st of November in each year."

The appellant's contention as to the Mississippi Power & Light Company is that, had the platform on which he was standing while operating its car been vestibuled, that is, inclosed, the cinder could not have entered therein and injured him. The only duty imposed on the street railway company to vestibule its cars is that imposed by the statute, and, according to its counsel, the statute has no application here, for two reasons: First, the cinder did not enter the appellant's eye while he was operating the car within a municipality; and, second, that the purpose sought to be accomplished by the statute is solely to protect street railway employees from the hazards incident to "cold and inclement weather." The first of these contentions may be, and will be, pretermitted, for the second is manifestly correct. "The violation of a legislative enactment by doing a prohibited act, or by failing to do a required act, makes the actor liable for an invasion of an interest of another if: (a) the intent of the enactment is exclusively or in part to protect an interest of the other as an individual; and (b) the interest invaded is one which the enactment is intended to protect; and (c) where the enactment is intended to protect an interest from a particular hazard, the invasion of the interests results from that hazard; and (d) the violation is in law the cause of the invasion, and the

other has not so conducted himself as to disable himself from maintaining an action.'' Am. Law Inst. Restatement Torts (Tent.), section 176; 45 C. J. 726; *St. Louis & S. F. R. Co. v. Conarty,* 238 U. S. 243, 35 S. Ct. 785, 59 L. Ed. 1290.

The appellees' request for a directed verdict should have been granted. The judgment of the court below will be reversed, and a judgment for the appellees will be rendered here.

*Reversed, and judgment here.*