## NEW YORK CENT. R. CO. v. BROWN.
### No. 6163.

Circuit Court of Appeals, Sixth Circuit.
March 17. 1933.

J. K. Brooker, of Bay City, Mich. (Hewitt & Brooker, of Bay City, Mich., on the brief), for appellant.

Harry C. Milligan, of Detroit, Mich., for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

·This case involves determination of the proximate cause of an injury to a railway brakeman which followed the failure of a safety appliance. The suit was brought under the Safety Appliance Act (45 USCA § 1 et seq.) and the Employers' Liability Act (45 USCA §§ 51–59), and from a judgment in favor of the plaintiff below the defendant railroad appeals; the specific error assigned being the refusal of the court below to grant a peremptory instruction in favor of the defendant. The facts follow:

Brown was a yard brakeman in the employ of the railroad, and on the night of June 23, 1930, was engaged with other members of a switching crew in switching cars in the yard of the defendant at Detroit. While the crew was attempting to couple a switch engine to a refrigerator car, an automatic coupler on the latter failed to "make," and the impact started it moving on a down-grade toward the tunnel of the defendant under the Detroit river. Seeing the car start, Brown and his conductor realizing that unless it could be stopped at once it might cause injury, sprang to the car ladders for the purpose of applying the brake wheel on the top of the car. The conductor preceded Brown and climbed the end ladder. Brown mounted the right or west end side ladder, and hurriedly reached for the brake wheel. In so doing his head brushed an overhead electric third rail, from which he received shock that caused him to fall to the ground and sustain serious injuries. Was the failure of the appliance on the refrigerator car their proximate cause?

Were it not for a rule of law that has generally come to be recognized in determining whether there is unbroken connection between wrongful act and injury (which will presently be discussed), it might be considered that the failure of the appliance in the instant case merely created an incidental condition or situation in which the accident otherwise caused resulted in injury, within the rule stated by Mr. Justice Sanford in Davis v. Wolfe, 263 U. S. 239, 44 S. Ct. 64, 68 L. Ed. 284, in reliance on St. Louis & S. F. Railroad Co. v. Conarty, 238 U. S. 243, 35 S. Ct. 785, 59 L. Ed. 1290, and Lang v. New York Central Railroad Co., 255 U. S. 455, 41 S. Ct. 381, 65 L. Ed. 729, and fully discussed by us in Reetz v. Chicago & Erie Railroad Co., 46 F.(2d) 50. Brown was not engaged in making a coupling operation, the defective coupling was not the instrumentality which injured him, and there would be no liability if some new and independent cause, such as his own negligence, intervened, and became the sole proximate cause of his injury.

[1] But it has long been settled that the chain of causation is not broken by an intervening act which is a normal reaction to the stimulus of a situation created by negligence, and such normal reaction has been held to include the instinct toward self-preservation, Stott v. Shepard, 2 W. Bl. 892 (the lighted squib case), and the equally natural impulse to rush to others' assistance in emergency, Wagner v. International Railway Co. (Cardozo, C. J.), 232 N. Y. 176, 133 N. E. 437, 19 A. L. R. 1 (the danger invites rescue doctrine). This rule of causation has been repeatedly recognized by this court. Sandri v. Byram (C. C. A.) 30 F.(2d) 784, 786; Erie Railroad Co. v. Caldwell (C. C. A.) 264 F. 947.

■ In the Sandri Case the plaintiff's decedent jumped from a gasoline motorcar being operated on the railroad right of way, when a collision with an automobile at a street crossing seemed imminent. We said there that the vital question was: "Did he jump to escape what would have seemed, to an ordinary prudent person, situated as he was, an impending peril, caused by the negligence of Dickinson? If he did, the chain of causation leading from Dickinson's act to his death is not broken by decedent's choice of an unsafe course in an emergency." In the Caldwell Case, a train parted on a grade because of a defective appliance. The plaintiff leaped upon the detached portion of the train in order to set the brake and thereby avoid a collision. Liability was sustained. Bobango v. Erie Railroad Co. (C. C. A.) 57 F.(2d) 667, is not contra. There was there no apparently imminent danger inviting rescue, and the danger to the plaintiff in intervening was too apparent to justify his attempt. Nor does anything that was said in the Reetz Case conflict. We rejected in the Reetz Case the test of duty as a criterion of liability, in reliance upon McCalmont v. Pennsylvania Railroad Co. (C. C. A.) 283 F. 736, 741. To determine whether there was a continuous succession of events leading proximately from fault to injury, the test is not whether the plaintiff was acting in performance of his duty when injured, but whether his act was a normal response to the stimulus of a dangerous situation created by the fault.[1] This test was met in the Sandri and Caldwell Cases; it was not in the Reetz and Bobango Cases.

■ 4] If we are right in our understanding of the rule, there was substantial evidence before the court below upon which to submit the cause to the jury upon the issue of proximate cause. No train being seen or heard at that moment coming through the tunnel, it may be argued that danger was not so imminent as to make Brown's hurried effort reasonably a normal response to the stimulus of apprehended danger, but if reasonable men might fairly differ upon that point, and well they might, the question was for the jury. Sandri v. Byram, supra. It may be noted that while the defendant may have been entitled to an instruction saving it from liability if the jury found the plaintiff's negligence to have been the sole cause of his injury, no such instruction was requested, and the court's gratuitous submission of the question of contributory negligence was more favorable to the defendant upon the point involved than it could have requested. Moreover, no exception was reserved to the court's instructions on the issue of proximate cause, and no assignment of error is based thereon.

There was no error in denying the request for directed verdict, and the judgment below is affirmed.

[1] See sections 13-15, Preliminary Draft 41, American Law Institute, "Restatement of the Law of Torts."