### ERIE R. CO. et al. v. CALDWELL.

(Circuit Court of Appeals, Sixth Circuit.   April 9, 1920.)

No. 3339.

1. **Railroads �findex5½, New, vol. 6A Key-No. Series—Company not liable for employé's injury during federal control.**

   A railroad company does not stand in relation of master to one employed in the operation of its road while under federal control, and is not liable for his negligent injury.

2. **Master and servant ⚫=129(6)—Noncompliance with Safety Appliance Act proximate cause of injury.**

   Where, because of a defective coupler, a train broke in two on a grade, allowing the detached portion to run down the grade and resulting in the injury of an employé, it was not error to charge that failure to comply with the Safety Appliance Act (Comp. St. § 8605 et seq.) was a proximate cause of the injury.

3. **Master and servant ⚫=247(4)—Trainman's attempt to stop runaway cars held not proximate cause of his injury.**

   Where, when a train broke in two in switchyards, a member of the switching crew, who was then standing upon the ground in a safe position, climbed on one of the detached cars, which had started downgrade, and set the brake in an unsuccessful attempt to prevent a collision, and was injured in the collision which followed, his action, which was in line of his duty, and apparently not imminently dangerous, cannot be held the proximate cause of his injury.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action at law by Frank Caldwell against the Erie Railroad Company and Walker D. Hines, Director General of Railroads. Judgment for plaintiff, and defendants bring error. Reversed as to the Railroad Company, and affirmed as to Director General of Railroads.

Cook, McGowan, Foote, Bushnell & Lamb, of Cleveland, Ohio, for plaintiffs in error.

---

⚫=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Anderson & Lamb and J. J. Tetlow, all of Youngstown, Ohio, for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. On the 2d day of March, 1918, Frank Caldwell was injured while assisting in pulling a train of cars off a "cripple" track in the yard of defendant railroad company at Kent, Ohio. Through a defect in the drawbar the train became separated upon a grade in the track, and the detached part of the train started backward and had acquired a speed of about 5 miles an hour, when it collided with an obstruction on the track. At the time the cars became separated plaintiff, who was one of the crew performing this work, was standing about 40 feet from the train, and as soon as he realized what had occurred and the danger of a collision, and for the purpose of preventing the same, he climbed upon one of the cars and set the brake. While performing this service the collision occurred, resulting in personal injury to the defendant in error. The action in the District Court was brought to recover damages for this injury. It is admitted that at the time of the accident plaintiff, as well as the carrier, was engaged in interstate commerce.

[1] It is contended by counsel for plaintiff in error that the trial court erred in overruling the motion of the defendant, the Erie Railroad Company, to direct a verdict in its favor, for the reason that in pursuance of the act of Congress of the 29th of August, 1916 (Comp. St. § 1974a), and the proclamation of the President of the United States issued on the 26th day of December, 1917, that the possession and control of the Erie Railroad Company's property and transportation system were vested in the Director General of Railroads, who was then operating the same. This motion was renewed at the close of all the evidence.

The trial court should have sustained this motion and dismissed the Erie Railroad Company from the suit. The Director General of Railroads having lawfully taken full possession and control of this company's property, the company itself could not be held liable for negligence resulting in injury to employés or others during the time its property was being operated by governmental agencies over which it had no control. The decision of the Supreme Court of the United States in the case of Northern Pacific Railroad Co. et al. v. North Dakota ex rel., 250 U. S. 135, 39 Sup. Ct. 502, 63 L. Ed. 897, definitely settles and declares the paramount authority of the Director General, and is controlling in this case.

However, the overruling of this motion of the Erie Railroad Company by the trial court was in no way prejudicial to the Director General of Railroads. The liability of one or the other depended upon the same state of facts. If the plaintiff was able to maintain by proof his right to recover damages in this action, it then became a question of law as to whether the Director General or the Erie Railroad Company was responsible for the damages caused by the negligences proven.

[2] It is also insisted that the court erred in instructing the jury that "the failure to comply with the federal Safety Appliance Act was a direct and proximate cause of plaintiff's injuries," for the reason that if the track had been level at the place where the drawbar broke there would have been no accident; that the tracks not being level the force of gravity caused the cars to move, and it was this movement of the cars occasioned by the grade in the tracks that was the more immediate or proximate cause of plaintiff's injuries. This argument overlooks the fact that it is the purpose of the coupler to hold the cars of a train together upon a grade, as well as upon a level track. This movement of the detached portion of the train, made possible by the breaking of the defective coupler upon a grade, was the necessary and natural effect of that cause, clearly within the contemplation of the federal Safety Appliance Act (Comp. St. § 8605 et seq.), and undoubtedly one of many substantial reasons for its enactment.

[3] It is also contended that the fact that Caldwell got upon the detached part of the train for the purpose of preventing it from colliding with the obstruction back of it was another intervening cause, that, taken separately, or in connection with the unevenness of the track, was the proximate cause of plaintiff's injury. Undoubtedly Caldwell was at a place of safety when the coupler broke and the cars started backward down the grade; but it was Caldwell's duty to his employer to protect these cars and prevent a collision, unless it was apparent that in doing so he was exposing himself to such imminent danger that no reasonable man would imperil his personal safety for the protection of his employer's property. No claim was made, however, that the danger was so imminent and apparent that the plaintiff, in the exercise of reasonable care for his own safety, should have refused and neglected to perform his duty, and, if the question were made, it is probable that it could not have been sustained, in view of the fact that the maximum speed attained by the cars was not to exceed 5 miles an hour.

Notwithstanding the result, plaintiff's performance of duty cannot be held to be the proximate cause of the injury, any more than it would have been the proximate cause, had he been upon the car at the time the coupler broke, and had remained at his post in the performance of service clearly within the scope, and manifestly within the urgent necessity, of his employment, until the collision occurred. Any other conclusions would, in effect, place a premium on faithlessness and disregard of duty.

For the reasons above stated, the judgment of the District Court is reversed as to the plaintiff in error the Erie Railroad Company (no new trial being awarded), and affirmed as against Walker D. Hines, Director General of Railroads, who under the act of February 28, 1920, providing for the termination of federal control of railroads and systems of transportation, is fully authorized to adjust, settle, and liquidate all questions and disputes of whatsoever nature arising out of or incident to federal control.