## A. D. SCHENDEL v. CHICAGO GREAT WESTERN RAILROAD COMPANY.[1]

April 17, 1924.

Nos. 23,898, 24,221.

**Safety Appliance Act—proximate cause of injury—where act is violated proof of negligence unnecessary.**

An interstate train, in the act of taking a siding to meet a train, separated because a drawbar pulled out. A chain coupling was made to get the train off the main line. The decedent, a brakeman, with the conductor, undertook to unhook the chain to uncouple the train from the defective car. The head brakeman uncoupled the engine and the train was caused to move backward. He then caused the brakes to be applied on the cars ahead of the defective car. When the train moved backward decedent locked his arms about the axles of the defective car and swung his body over the chain, and, when the front part of the train stopped, the chain became taut and squeezed decedent's body against the car above him, causing injuries from which he died 15 days later. Verdict for $5,000 for pain and suffering and $20,000 for loss from death. *Held*:

(1) That there was no break in the chain of events between the pulling out of the drawbar and the injury and that the facts bring the case within the provisions of the Safety Appliance Act.

(2) a. The defective drawbar was a proximate cause of the injury.

b. In a case based upon Federal Safety Applicance Act it is not necessary to prove negligence. A disregard of the statute is a wrongful act and, where it results in damage to one of the class for whose benefit the statute was enacted, the right to recover the damages from the party in default, is implied.

(3) a. Contributory negligence not a defense.

(b). Whether a violation of rules, which were in evidence, was the proximate cause of decedent's injury, was sufficiently covered by a general charge, and defendant was not entitled to a specific charge in reference thereto.

c. Before a violation of rules could avail defendant it would have to constitute the sole proximate cause of the injury.

(4) Various assignments of error as to the charge to the jury without merit.

(5) Damages not excessive.

[1] Reported in 198 N. W. 450, 199 N. W. 111.

Action in the district court for Yellow Medicine county by the special administrator of the estate of Edmund Ludwig Ring, deceased, to recover $50,000 for the death of his intestate. The case was tried before Baker, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $25,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*A. V. Junkin* and *Briggs, Weyl & Briggs*, for appellant.

*Tom Davis, Ernest A. Michel, R. M. Haines* and *Paul D. Stratton*, for respondent.

WILSON, C. J.

This is an action to recover damages for pain and suffering and also damages for the death of one Ring, who was employed by defendant as a brakeman, at the time he sustained injuries from which he died. The deceased was working on an interstate train which, on arriving at Budd, Iowa, undertook to take a siding and meet an east-bound train. The switch was thrown, and, in starting the train to pass onto the side track, a draw bar pulled out, permitting the train to separate. The crew consisted of the conductor, decedent, another brakeman and the enginemen. The train was backed up to the cars which had broken loose. The front car of the portion of the train which had broken loose was coupled with a chain hooked on its front axles with the car ahead so as to pull the rear part of the train off of the main line onto the siding. Decedent under direction of the conductor aided in this work. The train was pulled onto the side track and brought to a standstill. The plan was to switch the defective car out of the train. This was in the night time. The conductor asked decedent if he could unhook the chain and he replied that he did not know, but set his lantern down and tried, and replied that he could not do it. Then the conductor tried it. The chain was heavy and one man could not handle it. Decedent got on the other side of the chain and reached down to lift up the chain to give the slack to the conductor so he could unhook the chain. The brakeman Quist uncoupled the engine from the train

for the purpose of permitting it to go out on the main track and to the rear of the train so as to get that part of the train back of the defective car, and, when this uncoupling was made, the disconnected portion, having the air brakes released and perhaps started by the movement of the engine, moved back, but Quist caused the air to be applied and thereby stopped the movement. The train backed up without warning and the conductor straightened up and walked back with the movement of the train. The decedent, however, reached in and locked his arms around the axle of the bad order car and the chain at the time was slack and was not unhooked, and he swung his body up over the chain, apparently to ride thereon in the brief movement of the train, and the slack ran back—by the head cars stopping—and, as the chain was pulled straight, it squeezed the body of decedent between the chain, then under him, and the bottom of the draft timbers of the car above him. This so injured decedent that he suffered severe pain until his death 15 days later.

This action was brought by the administrator of decedent's estate to recover for the benefit of the widow and child of decedent. A verdict was rendered for $25,000, of which $5,000 was for pain and suffering, and $20,000 for loss from death. Defendant has appealed from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

The defendant claims that the facts do not bring the case within the Safety Appliance Act; that the defective drawbar did not proximately contribute to the injury; that the question of decedent's violation of rules should have been submitted to the jury; that errors occurred in the charge to the jury, and that damages are excessive.

1. Do the facts bring this case within the provisions of the Safety Appliance Act? The defendant asserts that nothing happened while this car was chained up and hauled onto the side track, and that it there came to rest, and that it at that instant ceased to be "used" by the carrier. It attempts to put this defective car in the status of the car in McCalmont v. Penn. Co. 273 Fed. 231, affirmed 283 Fed. 736, wherein a car was placed on a dead track where an employe was later injured. In this case the defective

car was not yet placed to be left, and in fact the equipment, the chain, used to replace the defective coupling, was still intact and the car remained in the train of which it was a part. There was here no break in the chain of events between the pulling out of the drawbar and the injury.

Defendant argues that, on the theory of the plaintiff, if the defendant would haul the car, it would violate the act, and, if it did not haul it, it violated the act. Such is not the case. If defendant hauled the car in use, knowing it was defective, it would be subject to a penalty. It had the right however to haul the car to a repair track without incurring a penalty, but such movement should, notwithstanding, be at the sole risk of the carrier. Clearly the facts bring this case within the Safety Appliance Act. Otos v. Great Northern Ry. Co. 128 Minn. 283, 150 N. W. 922; Id. 239 U. S. 349, 36 Sup. Ct. 124, 60 L. ed. 322; San Antonio & A. P. Ry. Co. v. Wagner, 241 U. S. 476, 36 Sup. Ct. 626, 60 L. ed. 1110; Goneau v. Minneapolis, St. P. & S. S. M. Ry. Co. 154 Minn. 1, 191 N. W. 279; Frye v. Chicago, R. I. & P. Ry. Co. 157 Minn. 52, 195 N. W. 629.

2. That the defective drawbar did proximately contribute to the injury is clearly established. As above indicated, the unbroken chain of events, from the moment the car became defective until the accident happened, the circumstances, the character of the injury, and the happening thereof, all lead to the unavoidable conclusion that the defective drawbar was a proximate cause of the injury.

The jury necessarily found, under the instructions of the court, that the defect was the proximate cause of the injury. This conclusion is inevitable, as that was a condition of plaintiff's right to recover.

Defendant says that there is no proof of negligence. In a case based upon the Federal Safety Appliance Act it is not necessary to prove negligence. A disregard of the statute is a wrongful act, and, where it results in damage to one of the class for whose benefit the statute was enacted, the right to recover the damages from the party in default is implied. The question of negligence in the gen-

eral sense of want of care is immaterial. The violation of the statute is to be treated as negligence. San Antonio & A. Pass Ry Co. v. Wagner, 241 U. S. 476, 36 Sup. Ct. 626, 60 L. ed. 1110; Texas & Pac. Ry. Co. v. Rigsby, 241 U. S. 33, 43, 36 Sup. Ct. 482, 60 L. ed. 874.

3.   It is urged that the court should have given specific instructions as to rules of the defendant as touching upon the question of proximate cause.   These rules are in evidence and are as follows:

"No. 707.   Employes must not assume that signals given an engineman have been seen and will be obeyed when obedience to those signals on the part of the enginman is essential to the safety of such employes in the performance of their duties.   They must know that the signal has been seen, understood and obeyed, before placing themselves in a dangerous position, otherwise they assume all risks of danger arising from any misunderstanding or disregard of signals."

"No. 703.   Persons accepting service will be deemed to have full knowledge of the dangers and risks incident to the service.   They agree to exercise due care in the performance of their duties to prevent accident to themselves or others, and, before using them, to see that the machinery, tools, appliances and materials are in a safe condition to perform the service required."

If decedent violated the rules and in that respect was guilty of negligence, himself, which contributed to the injury, that fact would not bar a recovery.   Section 3, Act. of April 22, 1908, 35 St. 66 c. 149; Fletcher v. S. D. Cent. R. Co., 36 S. D. 401, 155 N. W. 3; Grand Trunk Western Ry. Co. v. Lindsay, 233 U. S. 42, 34 Sup. Ct. 581, 58 L. ed. 838, Ann. Cas. 1914C, 168.   Defendant, however, claims that the violation of the rules by decedent was so flagrant as to constitute the proximate cause of the injury.   It is claimed that the defective car furnished the occasion for the act of decedent and that his act was the cause of the injury without the first act, having the defective car, in any manner being a contributing cause of the injury.   An effort is made to put this case in the class with Great Northern Ry. Co. v. Wiles, 240 U. S. 444,

36 Sup. Ct. 406, 60 L. ed. 732. Wiles v. Great North. Ry. Co. 125 Minn. 348, 147 N. W. 427. They are not alike. The Wiles case does not control this case, but the Otos case is more persuasive.

The rules being in evidence, the defendant had a perfect right to argue to the jury, as it doubtless did, its present claim of the decedent being guilty of such conduct as to constitute the proximate cause, and under the general charge the jury would necessarily consider the facts and circumstances upon which defendant sought specific instructions. Such instructions are not to be encouraged when so well covered by the general charge. Watson v. Minneapolis St. Ry. Co. 53 Minn. 551, 557, 55 N. W. 742. Before this conduct on the part of decedent could avail the defendant, it would have to constitute the sole proximate cause of the injury. The evidence is not such as to lead us to the conclusion that there was any chance for error in reference to the elements here under consideration.

The assignment of error number 10 in this case relative to instructions as to the violation of the rules, is much the same as assignment of error number 15 in the Otos case wherein and in reference to which this court said [128 Minn. 286]:

"Defendant contends that the proximate cause of plaintiff's injury was not the defective condition of the coupling, but his violation of a rule of the employer forbidding employees going between moving cars. It appears that there was such a rule. There is evidence that in this yard it had, with the knowledge of the yardmaster, been more honored in its breach than in its observance. But, whatever may be said of the propriety of plaintiff's act in going between the cars, it was only one of the concurring causes of plaintiff's injury. The violation of the statute was one cause of his injury. Turrittin v. Chicago, St. P. M. & O. Ry. Co., 95 Minn. 408, 104 N. W. 225; Sprague v. Wisconsin Cent. Ry. Co., 104 Minn. 58, 116 N. W. 104. This is all that is necessary to create liability. The statute which abolishes contributory negligence 'would be nullified by calling plaintiff's act the proximate cause, and then defeating him, when he could not be defeated by calling his act con-

tributory negligence * * *. It is only when plaintiff's act is the sole cause—when defendant's act is no part of the causation—that defendant is free from liability under the act.' Grand Trunk v. Lindsay, 233 U. S. 42, 47, 34 Sup. Ct. 581, 582, 58 L. Ed. 838, Ann. Cas. 1914C, 168, quoting 201 Fed. 844, 120 C. C. A. 166."

After this drawbar pulled out there was not any new intervening cause of itself sufficient to stand as the cause of the injury. If there was such, then the original act, the defective car, would be too remote. The defendant's claim that the violation of the rules would be such, cannot be sustained and the court was right in not specifically charging the jury in reference to a violation of the rules. The general charge precluded a recovery by plaintiff unless the defective car was the proximate cause of the injury, and this was all to which defendant was entitled.

4. We have carefully considered the various assignments of error as to the charge to the jury, but do not find that any of them are of substantial merit.

5. Was the damage excessive? Defendant invokes the case of Nash v. Minneapolis & St. L. R. Co. 131 Minn. 166, 154 N. W. 957, and the plaintiff cites Clark v. Davis, 153 Minn. 143, 190 N. W. 45; St. Louis, I. M. & S. Ry. Co. v. Craft, 237 U. S. 648, 35 Sup. Ct. 704, 59 L. ed. 1160  Upon a consideration of the evidence in this case, and the authorities applicable, we approve the verdict.

Order affirmed.


In May 20, 1924, the following opinion was filed:


PER CURIAM.

This is an appeal by the defendant from a judgment of the district court of Yellow Medicine county, state of Minnesota, entered in favor of plaintiff and against defendant in an action brought by the plaintiff, A. D. Schendel, as special administrator of the estate of Edmund Ludwig Ring, deceased, to recover damages because of pain suffered by decedent, from the injuries complained of, before his death, and because of damages and loss suffered because

of the death of the decedent resulting from such injuries. The action is based upon two acts of Congress, one known as the Employers Liability Law and the other known as the Federal Safety Appliance Act. The questions presented are those decided by this court on an appeal by the defendant from an order denying the defendant's motion for judgment notwithstanding the verdict or for a new trial which decision of this court was filed in this court April 17, 1924. [See preceding opinion] Following the decision in that case the judgment hereinbefore referred to is affirmed.

Judgment affirmed.