## REETZ v. CHICAGO & E. R. CO.
### No. 5596.

Circuit Court of Appeals, Sixth Circuit.
Jan. 6, 1931.

C. J. Gugler, of Galion, Ohio (J. W. McCarron, of Cleveland, Ohio, on the brief), for appellant.

B. D. Holt, of Cleveland, Ohio (Cook, McGowan, Foote, Bushnell & Burgess, of Cleveland, Ohio, on the brief), for appellee.

Before DENISON and HICKS, Circuit Judges, and SIMONS, District Judge.

SIMONS, District Judge.

Appellant's decedent, Gustav T. Reetz, was a freight conductor on appellee's railroad, and as such in charge of a train operating from Huntington, Ind., to Chicago. At a point near Bolivar, Ind., the train parted due to the breaking of couplers and drawbars, this breaking the air line and bringing the train to a stop. Reetz and O'Dier, the brakeman, were at the time in the caboose. The track at this point runs east and west, the train being headed west. Reetz and O'Dier secured their lanterns and started westwardly along the train on the north side, endeavoring to locate and remedy the trouble and get the train under way, O'Dier being about fifty feet ahead of Reetz. At a point where the train had stopped and some distance west of the caboose, there is a bridge over a driveway. With cars standing on the bridge the space between the north side of the train and the edge of the bridge was narrow. There was no passageway or guard railings along the north side of the track at the bridge, and no means provided for a pedestrian to pass along the bridge on the north side of a standing train. Before O'Dier reached this subway he crossed over the train to the south side, and after crossing the bridge he again crossed to the north side, and not observing Reetz's light came back to the subway and found that Reetz had fallen to the driveway below, a distance of approximately fifteen feet. Reetz received injuries which resulted in his death. The claims of negligence are: (1) That the absence of a footpath and guard railings along the abutments of the bridge was a violation by defendant of its duty to provide the plaintiff with a safe place in which to work. (2) That the defendant violated the provisions of the Safety Appliance Act, United States Code, Title 45, sections 1 to 16 (45 USCA §§ 1–16), Act of 1893, as amended in 1910, by operating a train with defective couplers and drawbars. At the close of plaintiff's evidence the court sustained a motion directing a verdict in favor of the defendant. The plaintiff appealed.

1. With respect to the first claim of negligence it is sufficient to say that there is nothing in the record to indicate that the defendant was in any way negligent either in the method of constructing the bridge or in the way that it was maintained. The bridge was of modern design, in good condition and repair, and similar to other bridges on defendant's railroad. There is no evidence that guard railings or footpaths are used in the construction of railroad bridges in open country, and even were we to assume that the absence of such footpath and guard railings constituted negligence, there is nothing in the record to indicate that their absence was the proximate cause of the injury, since it is not known just how or from what point Reetz fell into the subway. Delaware, Lackawanna & Western Railroad Company v. Koske, 279 U. S. 7, 49 S. Ct. 202, 73 L. Ed. 578; Chicago, Milwaukee & St. Paul Railroad v. Coogan, 271 U. S. 472, 46 S. Ct. 564, 70 L. Ed. 1041; Howe v. Michigan Central Railroad, 236 Mich. 577, 211 N. W. 111.

2. In respect to the second claim of negligence, the failure of the defendant to comply with the provisions of the Safety Appliance Act, it is conceded that the train was being operated upon a highway of Interstate Commerce, that the train stopped at the place of the injury because of the failure of one or more of the appliances which the defendant was obliged to install and maintain under the act, and that injury followed. The only question in dispute is as to whether the failure of the drawbar and couplers was the proximate cause of the injury.

Cases have frequently been before the courts wherein upon conceded or established facts the absence or failure of a required appliance was followed in point of time by injury, and wherein the placing of liability rested upon a correct determination as to whether the fact of absence or failure of the appliance bore a causal relation to the fact of injury. If from the earlier cases construing the statute there was any difficulty experienced in apprehending the applicable rules for determining whether upon a given state of facts there existed between fault and injury a relation of cause and effect, that difficulty has now been resolved, and the law is, we think, clear. In the case of Davis v. Wolfe, 263 U. S. 239, 44 S. Ct. 64, 66, 68 L. Ed. 284, where recovery was upheld, the late Mr. Justice Sanford had occasion to review the more important Supreme Court decisions upon the question, and to point out the rule as it had up to that time been developed in the cases of St. Louis & S. F. Railroad Company v. Conarty, 238 U. S. 243, 35 S. Ct. 785, 59 L. Ed. 1290, and Lang v. New York Central Railroad, 255 U. S. 455, 41 S. Ct. 381, 65 L. Ed. 729, in which liability was denied, and the cases of Louisville & N. Railroad v. Layton, 243 U. S. 617, 37 S. Ct. 456, 61 L. Ed. 931, and Minneapolis & St. L. R. Co. v. Gotschall, 244 U. S. 66, 37 S. Ct. 598, 61 L. Ed. 995, where recovery was permitted, in the following language:

"The rule clearly deducible from these four cases is that, on the one hand, an employee cannot recover under the Safety Appliance Act if the failure to comply with its requirements is not a proximate cause of the accident which results in his injury, but merely creates an incidental condition or situation in which the accident, otherwise caused, results in such injury; and, on the other hand, he can recover if the failure to comply with the requirements of the Act is a proximate cause of the accident, resulting in injury to him while in the discharge of his duty, although not engaged in an operation in which the safety appliances are specifically designed to furnish him protection."

This construction of the act was found by Mr. Justice Sanford to be substantially that given to it by the Circuit Courts of Appeals in the Second, Fourth, and this Circuit in Director General v. Ronald, 265 F. 138; Philadelphia & R. Railway v. Eisenhart, 280 F. 271, and McCalmont v. Pennsylvania Railroad, 283 F. 736. There are now urged upon us as authority for the appellant's contention that there was proximate cause between the failure of the safety appliance and the injury in the present case two very interesting decisions, first, the Minneapolis, St. Paul & S. S. M. Railway Company v. Goneau, 269 U. S. 406, 46 S. Ct. 129, 70 L. Ed. 335, in which the opinion was likewise written by Mr. Justice Sanford, and second, the case of Erie Railroad Company v. Caldwell, 264 F. 947, decided by this court before the decision of the McCalmont Case, and before the decision in Davis v. Wolfe, supra. The analogy up to a certain point between the chain of circumstances in the Goneau Case and that in this case is surprisingly close. In the Goneau Case, as here, a freight train broke in two between stations in the nighttime; there, as here, the train stopped on a bridge; and there, as here, the break was caused by a defective coupler, in that case the defect being in the carrier iron and in this case the defect being in the draw bar. Goneau, as did Reetz, went forward to ascertain the trouble as it was his and Reetz's duty to do, and it may be assumed that Reetz in the performance of his duty, after discovering the trouble, would have done what Goneau did; that is, attempt to remedy the defect so that the train could proceed. Goneau, as did Reetz, so far as it may be assumed Reetz did, lost his balance and fell backward over the side of the bridge to the ground below, sustaining serious injuries. Here, however, the analogy ceases, and the distinction is important. Goneau fell while he was actually engaged in making "a coupling operation." His injury was directly due to the defect in the coupler. The defective coupler was instrumental in causing his injury. Reetz's fall had no direct relation to the defective draw bar. It was not the instrumentality which caused his death, even though, because of its failure, the condition was created whereby Reetz happened to be at the place where he was injured. In the one case the defective appliance was directly the instrumentality which caused the injury; in the other, whatever it

was that caused Reetz to fall, it had no direct relationship to the defective draw bar.

The appellant here contends that under the reasoning of the Goneau Case if Reetz were at the exact location of the defect, and engaged in remedying the trouble, there could be no question about his right to recover had he at that time and place fallen into the open subway, and that it is too finely drawn a distinction to say that there is no liability where the deceased was in the very act of attempting to locate the trouble when he met his death. That the distinction is fundamental and based upon logic and reason is emphasized by the opinion of the state court which first reviewed the Goneau Case. Goneau v. Minneapolis, St. Paul & S. S. M. Railway Co., 154 Minn. 1, 191 N. W. 279. The court reviewed numerous cases and held that under the rule established therein the defective coupler would be the proximate cause of the accident if the brakeman fell while engaged in adjusting the coupling, as he claimed, but would not be the proximate cause of the accident if he fell after the coupling had been made and after he had stepped to the side to give a signal, or for a purpose having no relation to the making of the coupling. In Bohm v. Chicago, Milwaukee & St. Paul Railway Company, 161 Minn. 74, 200 N. W. 804, the same state court, after its decision in the Goneau Case had been affirmed by the United States Supreme Court, had occasion to consider the question of causal relation between a failed appliance and an injury which followed. In the Bohm Case a brakeman in the nighttime put a lantern upon his arm, started down a ladder at the side of a car for the purpose of "bleeding" brakes which were "squealing." The train was moving slowly over a bridge. Without lowering his lantern to see what was beneath him, the brakeman stepped off the ladder, fell through the bridge, and sustained injuries. The action was brought under the Federal Safety Appliance Act, and the sole question presented was whether the defective brake was the proximate cause of the injury. The trial court rendered judgment for the defendant notwithstanding a verdict, the Minnesota Supreme Court affirmed it, and the United States Supreme Court denied certiorari. Bohm v. Chicago, Milwaukee & St. Paul Railroad, 267 U. S. 600, 45 S. Ct. 355, 69 L. Ed. 807.

In Erie R. Co. v. Caldwell, supra, a train parted on a grade because of the failure of a coupling device. The plaintiff therein was in a place of safety. He leaped upon the detached portion of the train, which was moving slowly, in order to set the brake and thereby avoid a collision. He was too late, and was injured. Here also the fundamental distinction exists between the facts of the authority relied upon and the facts of the instant case, although there is again a partial analogy. Reetz and Caldwell were both in a place of safety when the appliance failed. Both responded to the call of duty, Reetz in endeavoring to locate the trouble, and Caldwell in attempting to prevent a collision. The fundamental difference between the two cases, however, is as clear as that between the instant case and the Goneau Case. Caldwell was injured in a collision that was the direct result of the failed appliance. Reetz was not. It is true that in the Caldwell Case Judge Donahue used language which taken from its context would seem to indicate that the court felt that the criterion of liability is whether the duty in which the injured man was engaged was in direct connection with defective cars, the court's statement being to the effect that any other conclusion than one sustaining liability would place a premium on faithlessness and disregard of duty. This comment was not necessary to decision and was made before such criterion of liability was rejected by this court in the McCalmont Case, in reliance upon the Conarty and Lang Cases. The Caldwell Case and the McCalmont Case are not in conflict.

Whatever difficulty there may be in correctly applying the rule deduced from previous cases in Davis v. Wolfe, supra, seems to be due to the fact that the cases there reviewed, the Lang, Layton, Conarty and Gotschall Cases, were all collision cases where injury followed hard upon impact without intervening opportunity for the employee to reach a place of safety. A careful consideration of the noncollision cases, including the Goneau Case, the Bohm Case, the Caldwell Case, and such non-collision cases as are among others cited in the note hereto, leads to the conclusion that at least in those cases where there has been a failure of a required appliance, there is liability only where the failure of the appliance not only creates a condition under which, or an incidental situation in which the employee is injured, but where the defective appliance is itself an efficient cause of or the instrumentality through which the injury is directly brought about. Here the incidental situation existed, but the defective appliance bore no other relation to the injury.

The judgment is affirmed.

NOTE.—Safety Appliance cases considered, Davis v. Hand (C. C. A.) 290 F. 73; Chicago, R. I. & P. Ry. Co. v. Brown, 229 U. S. 317, 33 S. Ct. 840, 57 L. Ed. 1204; Burho v. M. & St. L. Ry. Company, 121 Minn. 326, 141 N. W. 300; Clapper v. Dickinson, 137 Minn. 415, 163 N. W. 752; Schendel v. Chicago Great Western Ry. Co., 159 Minn. 166, 198 N. W. 450, 199 N. W. 111; Id., 267 U. S. 287, 45 S. Ct. 303, 69 L. Ed. 614; Phillips v. Penn. Ry. Co. (C. C. A.) 283 F. 381; Orton v Penn. Ry. Company, 7 F.(2d) 36 (C. C. A. 6); Devine v. C. & C. Ry. Co., 259 Ill. 449, 102 N. E. 803; Spokane & I. E. Ry. Co. v. Campbell, 241 U. S. 497, 36 S. Ct. 683, 60 L. Ed. 1125; Philadelphia & R. R. v. Auchenbach (C. C. A.) 16 F.(2d) 550; Sherry v. B. & O. R. Co., 30 F.(2d) 487 (C. C. A. 6).