Julie WEINZEN, Administratrix of the Estate of Mathias J. Weinzen, Deceased,

v.

The PENNSYLVANIA RAILROAD COMPANY.

Civ. A. 11137.

United States District Court
W. D. Pennsylvania.

June 29, 1956.

Sylvan Libson, Pittsburgh, Pa., for plaintiff.

Pringle, Bredin & Martin, Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

In this case Julie Weinzen, administratrix of the estate of Mathias J. Weinzen, deceased, brought suit against the Pennsylvania Railroad Company under the Safety Appliance Act provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., for the death of her husband, seeking to recover damages she and her children suffered as a result of the death of her husband.

From the testimony introduced at the trial it appears that Mathias J. Weinzen was killed while employed by the defendant railroad as a car inspector. On August 27, 1952, the decedent was working along with a switching crew in the Donora Classification Yards of the Pennsylvania Railroad. A B & O car was

kicked onto a track and it stopped approximately five car lengths from the switch. Subsequently, a Nickel Plate car was kicked against it and the two cars made sufficient contact to couple, but in fact did not couple on impact even though the knuckle on the Nickel Plate car was open when it was sent down against the B & O car. (R. 23). After eleven more cars had been kicked onto this track Weinzen was found dead. He had been hit in the stomach and had one arm mangled by the couplers. It was obvious that he had been caught between the couplers of the Nickel Plate and B & O cars.

The plaintiff also offered evidence of three car inspectors to the effect that if the cars failed to couple on impact in the switching operation it would be the car inspector's duty to find out why they did not couple.

It was apparent that these cars failed to couple automatically on impact as required by the Safety Appliance Act. The issue is whether Mathias J. Weinzen's death resulted in whole or in part from this violation of the Safety Appliance Act. The jury found that it did. The defendant urges that the plaintiff failed to produce any evidence that would support with reason any finding by the jury as to what was the legal cause of Weinzen's death, and that the violation of the Safety Appliance Act was not a breach of duty owed to Weinzen under the circumstances, and was not a proximate cause of his death. The defendant has filed a motion to have the verdict and judgment set aside and judgment entered for the defendant in accordance with its motion for a directed verdict. The defendant has not filed a motion for new trial, or alleged any errors. It is merely seeking to have judgment entered for it notwithstanding the verdict.

"A judgment notwithstanding the verdict may be entered only if a motion for a directed verdict has been duly made and then only if the motion for a directed verdict should have been granted. A motion for a judgment notwithstanding the verdict presents solely a question of law to be determined by the court, and the power to grant such motion should be cautiously exercised."

"The Court has power to enter judgment notwithstanding the verdict only for one reason—the absence of any substantial evidence to support the verdict. Obviously then a judgment n. o. v. should not be entered if the evidence is sufficient to present a jury question or if the verdict is supported by substantial evidence."

"A motion for judgment notwithstanding the verdict cannot be granted unless as a matter of law the opposing party failed to make a case and a verdict in movant's favor should have been directed. The court may not weigh the evidence on such a motion." Vol. 2, Barron and Holtzoff Fed. Practice and Procedure, § 1079, p. 774.

From the evidence the jury could have reasonably found that there was a failure to couple and that the decedent was performing his job of inspection of the uncoupled cars at the time he was killed.

The Supreme Court has held that once a violation of the Safety Appliance Act is established, only the causal relation is in issue and said that: " * * * Congress has directed liability if the injury resulted 'in whole or in part' from defendant's negligence or its violation of the Safety Appliance Act." Carter v. Atlanta & St. Andrews Bay R. Co., 1939, 338 U.S. 430, 435, 70 S.Ct. 226, 229, 94 L.Ed. 236. The Supreme Court made it clear in Coray v. Southern Pacific Co., 1949, 335 U.S. 520, at page 524, 69 S.Ct. 275, at page 277, 93 L.Ed. 208 that:

"The language selected by Congress to fix liability in cases of this kind is simple and direct. Consideration of its meaning by the introduction of dialectical subtleties can serve no useful interpretative purpose. The statute declares that railroads shall be responsible for their employees' deaths 'resulting in whole or in part' from defective ap-

pliances such as were here maintained. 45 U.S.C. § 51, 45 U.S.C.A. § 51. And to make its purpose crystal clear, Congress has also provided that 'no such employee * * * shall be held to have been guilty of contributory negligence in any case' where a violation of the Safety Appliance Act, such as the one here, 'contributed to the * * * death of such employee.' 45 U.S.C. § 53, 45 U.S.C.A. § 53. Congress has thus for its own reasons imposed extraordinary safety obligations upon railroads and has commanded that if a breach of these obligations contributes in part to an employee's death, the railroad must pay damages."

Certainly reasonable men could find from the evidence: (1) that the couplers failed to couple on impact; (2) that the car inspector was performing his job when he went in between the cars even though the switching operation was not completed; (3) that it was his duty to see why there had been a failure to couple and make minor repairs if possible; (4) that while he was performing his job in connection with the uncoupled cars, he was crushed between the cars when another cut of cars hit into the cars on which he was working.

The defendant relies on the case of Reetz v. Chicago & E. R. Co., 6 Cir., 1931, 46 F.2d 50. It claims that that Court made the same distinction as the defendant is endeavoring to make in this case. In the Reetz case, while walking back to ascertain what had stopped the train, the plaintiff fell off a bridge and was killed. The train actually had stopped because the couplers had parted. The Court there distinguished that situation from Minneapolis, St. P. & S. S. M. Ry. Co. v. Goneau, 1926, 269 U.S. 406, 46 S.Ct. 129, 70 L.Ed. 335, and denied recovery because the defective coupler " * * * was not the instrumentality which caused his death, even though, because of its failure, the condition was created whereby Reetz happened to be at the place where he was injured."

Reetz v. Chicago & E. R. Co., 46 F.2d 50, 51. In that case although there was a violation of the Safety Appliance Act, the death of the decedent did not result in whole or in part from such violation but resulted because the decedent happened to fall off a bridge. The Court in that case concluded that there is liability:

" * * * where the failure of the appliance not only creates a condition under which, or an incidental situation in which the employee is injured, but where the defective appliance is itself an efficient cause of or the instrumentality through which the injury is directly brought about." Reetz v. Chicago & E. R. Co., supra, 46 F.2d page 52.

■ It appears to this Court in the instant case that the defective appliance was of itself an efficient cause of or the instrumentality through which the death of plaintiff's decedent was directly brought about. Thus, even if we follow the reasoning of the Court in the Reetz case as urged by the defendant, nevertheless, its motion must be denied.

■■ The defendant also urges that the decedent's own negligence was the sole cause of the accident. However, this was a question for the jury and the Court submitted the issue to the jury under the following instructions:

" * * * If you should find that the sole cause of the accident was the negligence of the deceased and that the defendant did not violate the Safety Appliance Act, or if it did violate the Safety Appliance Act and such violation did not contribute in whole or in part to the accident, then your verdict must be for the defendant.

"However, if you find that the couplers on the cars in question failed to perform effectively, as required by the Safety Appliance Act, and that the failure to couple was the proximate cause or a proximate contributing cause of the decedent's death, then it is immaterial that no defect in the coupler was shown or

that the coupler functioned properly on other occasions either before or after the accident." (R. 425, 426).

However, the jury by its verdict found that the defendant did violate the Safety Appliance Act, 45 U.S.C.A. § 1 et seq., and such violation contributed in whole or in part to the death of the decedent. There was evidence by which reasonable men and women could have reached this conclusion. The Court, therefore, cannot disturb the jury's verdict. See Thomas v. Conemaugh & Black Lick R. Co., 3 Cir., 234 F.2d 429.